UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HUGO ZUNIGA,

                             Plaintiff,            9:22-CV-1325
                                                    (DNH/ATB)

   v.

NURSE JOHN DOE #1 AND JANE DOE #1,

                             Defendants.

---

APPEARANCES:

HUGO ZUNIGA
Plaintiff, pro se
A-215-556-222
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

DAVID N. HURD
United States District Judge

## ORDER

In December 2022, plaintiff pro se Hugo Zuniga ("Zuniga" or "plaintiff") commenced this civil rights action.  Dkt. No. 1.  Zuniga, who was confined at Buffalo Federal Detention Facility, did not pay the filing fee for this action and sought leave to proceed in forma pauperis ("IFP").  Dkt. No. 5.

By Decision and Order filed on February 6, 2023 (the "February Order"), the Court granted plaintiff's IFP application and reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 9.  Based upon that review, defendants Nurse John Doe #1 and Nurse Jane Doe #1 were directed to respond to the Eighth Amendment claims.  *See id.*

In the February Order, the Court instructed the Clerk of the Court to send a copy of the complaint and the February Order to the Office of the Attorney General. Dkt. No. 9 at 15. The Attorney General's Office was instructed to attempt to ascertain the identity of the defendants and addresses where they could be served and to provide that information to the Court and plaintiff. *Id*.

On March 10, 2023, the Attorney General's Office responded to the February Order. Dkt. No. 11. In a Decision and Order filed on March 20, 2023 (the "March Order"), the Clerk of the Court was directed to forward a copy of the Attorney General's response (Dkt. No. 11) to plaintiff. Dkt. No. 12 at 3. Plaintiff was to file an amended complaint that correctly identified Nurse John Doe #1 and Nurse Jane Doe #1, within thirty days of the March Order. *Id*. In an effort to assist plaintiff in drafting the proposed amended complaint, the Court directed the Clerk to provide plaintiff with a copy of his complaint. *Id.*

On March 27, 2023, the March Order was returned to the Court as "undeliverable" with an envelope marked "return to sender - no addressee." Dkt. No. 13.

Under this Court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. *See* N.D.N.Y.L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. Consequently, plaintiff is advised that he must immediately file a change of address, and he must continue to submit any address changes to the court as long as his action is pending. "Failure to notify the Court of a change of address [. . .] in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

The Clerk is directed to serve a copy of this Order on plaintiff at his last known address, by regular mail, together with a change of address form. In light of plaintiff's pro se

2

status, he is afforded ONE FINAL thirty (30) day extension to comply with the Court's prior Orders.

**IT IS SO ORDERED.**

Dated: May 8, 2023
      Utica, New York.

_____
United States District Judge